EDWARD V. HOLLAND, PLAINTIFF IN ERROR, v. JOHN W. GRIFFITH, DEFENDANT IN ERROR.

1. **Replevin:** MORTGAGED PROPERTY: EVIDENCE. In an action of replevin the defendant justified the taking and detention of the chattels replevied by virtue of a chattel mortgage. Plaintiff replied that the said mortgage, after the same was executed and before it was filed for record, had been altered in a material respect, to-wit: by erasing the description of the property and writing in the description of other and different property without the knowledge or consent of the mortgagor; also, that the note and mortgage were obtained from the plaintiff by the defendant by fraud and false representations, in this, that the said defendant represented to the plaintiff that he had ownership of certain territory for the manufacture and sale of certain patented articles; that for the amount agreed upon, to-wit: three hundred dollars, he, the defendant, would sell and convey to the plaintiff a certain amount of said territory, whereupon plaintiff accepted and delivered the note and mortgage, and for no other consideration; and that said defendant had no right or title to the territory he attempted to convey to the plaintiff. At the trial plaintiff introduced, over the objection of the defendant, a paper, a copy of which is set out in the opinion. *Held,* Error.

2. **Verdict against Evidence.** When the verdict is so clearly against the weight of evidence as to lead to the conviction that it was the result of passion, prejudice, or inadvertence on the part of the jury, it will be set aside and a new trial granted. *Fried v. Remington,* 5 Neb., 525.

ERROR to the district court for Saline county. Tried below before WEAVER, J.

*Hastings & McGintie,* for plaintiff in error.

*J. H. Grimm,* for defendant in error.

COBB, J.

This was an action of replevin brought by Griffith for certain live stock taken on a chattel mortgage executed by the defendant in error to the plaintiff in error, to secure a note given for the right to sell certain patented articles within certain counties of the state. The defendant in error, in and by his reply and supplemental reply in the court below, alleged that the said mortgage, after it was executed and delivered, and before the same was filed for record, had been altered in a material respect, to-wit: by erasing the description of the property and writing in the description of other and different property, and that without the knowledge or consent of the said plaintiff; also that the said note was obtained from the said plaintiff, by the said defendant, by fraud and false representations, in this, that the said defendant represented to the said plaintiff that he had legal ownership of certain territory for the manufacture and sale of certain patented articles. That for the amount agreed upon, to-wit: the sum of three hundred dollars, he, the defendant, would sell and convey to the plaintiff a certain amount of said territory; whereupon plaintiff accepted, and delivered the note and mortgage, and for no other consideration whatever, and that said defendant had no right or title to the territory he attempted to convey to the plaintiff, etc.

On the trial the efforts of the plaintiff were almost wholly confined to proving that the patented articles would not sell, and that the mortgage had been altered without the knowledge or consent of the plaintiff below. There was no testimony as to any representation made by the plaintiff in error to the defendant in error to induce him to buy the right to sell the patented articles mentioned in the reply, nor any evidence that these representations, which are

alleged in the plaintiff's reply to have been made by the defendant, were not true. There was introduced by the plaintiff, and admitted over the objection of the defendant, a paper, of which the following is a copy : "Western, Saline Co., Neb., March 8, 1880. This is to certify I, E. V. Holland, does hereby agree to let J. W. Griffith take the Buckeye churn, spring seat and clothes rack, in Seward, and towns 6, 7, 8, in Saline county, range one east, and he is to do his best to sell the articles for sixty days, and at the end of that time if he thinks he can't make it pay for the right, I will take it back and give up his paper. (Signed), E. V. Holland, Gen. Agent."

This paper was clearly inadmissible under the pleadings, but having been put in evidence by the plaintiff he is bound by its provisions. In his testimony on the stand the plaintiff admits that his sole efforts to sell the patented articles were confined to three weeks and three days, nor does he claim in his testimony that his lack of success in selling them could be attributed to any defect in the patent, or lack of utility in the articles, and he expressly admits that nobody has ever questioned his right to the said territory nor disturbed him in the possession thereof.

There is a conflict of testimony on the point as to whether the alteration in the chattel mortgage was made with the consent of the plaintiff below; but I think the preponderance almost overwhelming in favor of the defendant. It is clearly established by the letter of the plaintiff to the defendant which was put in evidence, that on the twenty-second day of August, 1880, the plaintiff applied to the defendant to have the mortgage changed. He says: "I have traded the mule and colt off for a big team of mares, six and seven years old, and I will transfer the mortgage on them and release the mule and colt, if you will tell me where the mortgage is, and I have a chance to trade the ponies for a span of good young mules, if you are willing," etc. Defendant swears that the alterations in the mort-

gage were made at the house of Squire Newby, in his presence and in the presence of the plaintiff, who consented thereto, on a day between the eighth and twelfth of August, 1880.  Plaintiff swears he was at Squire Newby's and in his presence on a day before the writing of the said letter, and that the defendant in his presence and in presence of the justice of the peace made the alteration in the mortgage, but that he did not agree to it.  He finally admits that he made no objection.  Squire Newby swears that the parties came to his house, and he being absent sent for him.  Upon his return home he found them there.  Defendant wanted the plaintiff to take up the mortgage and give a new one on other property.  That plaintiff refused to "give any new dates," but was willing to have the old mortgage scratched and the ponies and mule written in.  Witness does not remember of anything having been said about the colt.  The defendant testified that after the mortgage on the span of mares had been given some three or four weeks, plaintiff said he would give other security in its place.  He let it run until the first or twelfth of July; then, the plaintiff and defendant, went before Squire Newby, and he, defendant, in the presence of the plaintiff and said Newby, justice of the peace, and at the request of the plaintiff scratched out the original description of property in the mortgage and wrote in the description of the pair of ponies, the mule and colt, the property replevied; that the mortgage was afterwards recorded.

I do not think that any one can read the letter above quoted without feeling quite certain that the writer had given to the defendant a mortgage on a mule, a colt, and a pair of ponies.

The evidence as to both points is so preponderating in favor of the plaintiff in error as to force the conviction that the verdict must have been the result of passion, prejudice, or inadvertence on the part of the jury.  For this reason, and for error in the admission of the above men-

tioned paper in evidence under the pleadings, there must be a new trial. The important constitutional question raised not being necessary to a disposal of the case, will not be considered.

The judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

NOTE.—In taxing the costs in the case the clerk will deduct from the amount paid for the transcript the proportion thereof paid for the affidavit in replevin, the precipe for summons, and order of delivery; the summons with the endorsement and return thereof, the order of delivery, the sheriff's return thereof, the appraisement and sheriff's certificate thereon, together with all journal entries relating to any of the said papers, none of the said papers being necessary to the solution or proper understanding of any question or point in the case.