FRANK STAMAN, PLAINTIFF IN ERROR, V. THE STATE
OF NEBRASKA, DEFENDANT IN ERROR.

**Criminal law.**   A verdict of guilty cannot be sustained where the
evidence fails to show that the accused committed the offense
charged.

ERROR to the district court of Adams county.   Tried
below before GASLIN, J.

*Laird & Smith,* for plaintiff in error.

*Isaac Powers, Jr., Attorney General,* for the State.

MAXWELL, J.

The plaintiff was indicted with one Lewis Morrison for
stealing a horse belonging to one Asa Birdsall, and on the
trial was found guilty and sentenced to imprisonment in the
penitentiary for ten years.   It is unnecessary to consider
in detail the very large number of errors assigned, as in
our opinion the evidence wholly fails to warrant the ver-
dict of guilty.   The horse is alleged to have been stolen
from a farm about two miles west of Hastings, on the
night of September 21, 1881, and with one stolen from a
neighbor named Nash, is supposed to have been taken to the
Platte river and secreted on an island about 600 yards from
the south bank of the river, the water in the channel be-
tween the south bank and the island being about knee
deep except in places where it was much deeper.   The theory
of the prosecution is, that the plaintiff and Lewis Morrison
stole the horses in question on the night of the 21st of
September, 1881, took them to said island in the Platte
and secreted them, and returned home before daylight on
the morning of the 22nd.   If the proof on this point fails
the whole case falls to the ground.   No one pretends to
have seen either of these parties with or near the horses on

the night of the 21st, while five witnesses testify that the plaintiff and Morrison were in a saloon in Hastings until about 11 P.M. on the night on which the horses were stolen. And this testimony is not denied. Two other witnesses testify that Morrison called at their residence a short distance from Hastings, between 11 o'clock and 12 o'clock on the night of the 21st. Clark Morrison, the father of Lewis Morrison, testifies that the plaintiff in error and his son returned to his house about 2 o'clock on the morn-ing of the 22nd, while the only witness for the prosecution on that point testifies that he resides near Hastings, and that Morrison and another man called at his house between 3 and 4 o'clock of the morning of the 22nd.

All the testimony tends to show that the plaintiff and Morrison were at home on the morning of the 22d. There is no evidence that the horse that the plaintiff rode the night of the 21st had been in water, as it necessarily would have been if fording the Platte river. It also appears from the testimony that on the afternoon of the 22d one Jones informed Nash, in the presence of the plaintiff and Morrison, that two men with four horses had been seen between 11 and 12 o'clock P.M. of the 21st but a few miles from the aforesaid island in the Platte. The testimony also tends to show that Nash stated to the plaintiff in error that he was going to the Republican valley to look for his horse, and the plaintiff advised him to go toward the Platte river. This was after the information given by Jones. Various rewards for the recovery of the horses, amounting in the aggregate to about $200, were offered on Thursday and Friday succeeding the theft.

It also appears that the plaintiff in error had made various inquiries about the rewards offered, and on Friday, the 23d, he rode to the Platte river in search of the horses, and found them in the possession of one Martin, who had taken them up. The plaintiff in error then took the horses to a stable in Hastings, and seems to have claimed the re-

ward.   It is very clear that the plaintiff in error could not have taken the horses in question to the Platte river, a distance of about twenty miles, after eleven o'clock on the night of the 21st, and returned even as late as three or four o'clock in the morning of the 22d, and he could not have waded or forded the river without his horse showing that such had been the case.   And there is nothing in claiming the rewards offered, as far as appears, which is inconsistent with honesty of purpose.

The testimony certainly fails to connect the plaintiff with this theft, and the law does not permit mere suspicion to sustain a conviction.   *Morrison v. The State*, 13 Neb., 475. The testimony does tend to show that the plaintiff and Morrison were in some of the saloons in Hastings on the night of the 21st until about eleven o'clock, and that they were intoxicated, and they seem to have groped along the road towards home in that condition, enquiring the way; but it does not necessarily follow that because intoxicated they were thieves.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.